Your argument now in the case of United States v. Velazquez Good morning, may it please the Honorable Court, my name is Ralph Please wait until you're calling Of course Mr. Metchik Your Honor, I'm sorry May it please the Honorable Court, my name is Ralph Metchik and I'm one of the attorneys for Mr. Velazquez Your Honor, the Supreme Court decision in Collins v. Virginia requires a finding that law enforcement officers violated Mr. Velazquez's Fourth Amendment rights in trespassing onto his property to search his truck In Collins, as you know, the court relied upon its prior 2013 decision in Jardine to hold that law enforcement officers cannot cross the curtilage to search a car whether the car was located in a driveway, in a garage, or in the house itself Indeed, the government no longer argues that a warrantless intrusion into the curtilage of a home can survive constitutional scrutiny and recognizes the constitutional violation here Thus, the question that remains is whether any exception to the exclusionary rule holds here The government argues in their briefs, in their submissions that the contraband should be suppressed on the basis of the inevitable discovery rule The government You argued that the government didn't develop a record that would satisfy a burden on inevitable discovery What record evidence was needed here beyond what the facts already show? I mean, is there any doubt that the government would have sought a warrant if it had been aware that the automobile exception would be invalidated on private property? And is there any doubt that the court would issue such a warrant? And what else would be needed? Your Honor, there is, in my opinion I was hoping this question wasn't going to be asked but I anticipated it I believe there is no doubt that if they had sought a warrant a warrant would have been obtained and they would have been able to search the truck and find the contraband I don't disagree with that but I do believe that there was ample opportunity for the officers, for law enforcement to obtain that search warrant They had a script here They had a They didn't follow, I should say, any protocol There's no information that they even acted on it They did in fact have indeed have ample time to obtain that warrant because after they negotiated for the sale of the drugs with Velazquez they then knew that Velazquez was going to obtain the drugs either from his home or from a different location and then they were going to rendezvous again with Velazquez about an hour or 45 minutes later so at a hotel where the exchange would have taken place They didn't do that So again, my position is, our position is that they had an ample time ample opportunity and they did not want to be inconvenienced with obtaining a search warrant There is a protocol There is a protocol they could have followed for a telephonic search warrant and they sought not to do that, Your Honor I hope that answers your question To continue  they knew the timing of the sale and they waited at least an hour almost an hour for Velazquez to leave his house without trying to obtain any kind of a warrant Here, a telephonic warrant would have certainly been reasonable To be sure, the officers could have waited and arrested Velazquez as he left his property but they chose not to The inevitable discovery exception cannot be used as an excuse for any strategic choices that law enforcement made Moreover, the government only raised this argument of suppression at the suppression motion I should say after the suppression motion and there was no factual record made to carry its burden In short, the government failed to meet its burden to submit the evidence below that the agents would have pursued an alternative lawful means to obtain the contraband and I would also parenthetically add that remand would not be appropriate only because there is no factual basis to develop here in the record As an alternative, remand would be proper to develop, expand, or elaborate on the record Finally, at this late date, Your Honor the government argues that the lower court's decision on two grounds that were not raised below One is the good faith exception Could you concentrate on that one, please? Of course, Your Honor You seem to be arguing that that issue was raised too late It's hard for me to see that given that both sides seem to have agreed that Hines controlled until Collins was decided Well, Your Honor, I have to take responsibility for this It's not in my brief I had thought deeply about it but I would submit now that Hines, the decision of this court really was not the law that Jardim was always the law But to go back and briefly answer your question You argued to us that we should overrule Hines I did That suggests pretty strongly that that's controlling circuit precedent that agents could have relied upon Well, my argument would be that Jardim was always the law believe it or not that Collins severely destabilized Hines As a matter of fact, the Supreme Court said that Collins was an easy decision Now, I know nothing is easy but in the decision, in the majority opinion they stated that it is an easy decision because Jardim paved the way Jardim was a trespass case and since 2006 that has been the law This was a trespass case as well So, is it your view then that federal law enforcement agents should have figured out before we did that Jardim's undermined Hines Not before we did, but it did undermine it I would assert that Hines was always on shaky ground because Hines was a 1985 decision and Jardim was a 2006 decision and once Jardim was decided by the High Court one of the pillars the pillars of, I should say the pillars of Jardim let me back up Hines was severely undermined by Collins because of trespass They should have seen it coming It was definitely on the radar and that's an argument Your Honor What in Davis allows a court to suppress evidence that was properly gathered under established law because they should have seen a change coming I didn't see anything in Davis about should have seen a change coming Those are my words I'm sorry, I wish I could give you a more perfect answer Let me try it a different way and that is the Virginia Supreme Court in Collins seems not to have seen it coming Right? Yes, that's true That's true But again, I think that the foundation of Jardim or the rationale of Jardim is so powerful is so consequential that it was in fact on the radar that Hines could not stand as good law That would be my argument But the possibility that it's on the radar everybody can see that that's what certiorari was granted in Collins Yes The question I'm asking is where is there an on the radar exception to the rule of Davis? There is no on the radar exception I'll be more precise The court, your honor, is absolutely correct But I will say this Jardim seriously, seriously undermined the Hines decision It came later It rested on trespass and in this case there's no showing that the agents knew of it They didn't call an assistant United States attorney to find out what the state of the law was And as far as good faith is concerned to answer Judge You seem to be thinking of this as a subjective, a mental defense There's no mental role in any Fourth Amendment case Good faith may get used But the question is objective Objectively, what was the Seventh Circuit's understanding of constitutional law? Not what was in anybody's heads Objectively, a trespass under Hines under the Seventh Circuit would be sanctioned They could have gone onto the property onto the curtilage and searched the car That was the state of Hines And again, I am arguing I'm asserting I think logically that Hines was severely damaged severely destabilized was weakened by the Jardim opinion which proceeded which succeeded Hines which came after Hines The government I think I'm running out of time Respectfully, I would reserve the balance of my time Thank you very much In fact, your time has expired Thank you, Your Honor Mr. Foyton Good morning May it please the Court Regardless of Collins' issue and the curtilage issue the Court should affirm the District Court's denial of the suppression motion The District Court in addition to finding that the automobile exception applied excused the lack of a warrant found that inevitable discovery excused the lack of a warrant And that's correct Under inevitable discovery doctrine if the record shows that the officers would have and could have obtained the evidence by lawful means whether by a warrant Haven't we said that the inevitable discovery doctrine also requires you requires the officers to have started using those lawful means before the search because otherwise the inevitable discovery argument just ends the exclusionary rule in all cases where there's probable cause You mean in terms of starting the process of obtaining a warrant or something like that? That's what we've said Well, I don't think the inevitable discovery The Supreme Court has not said any search supported by probable cause never leads to exclusion of evidence And that's what your argument is because if you have probable cause you can get a warrant But that's not what the Supreme Court has held Well, I'm also arguing that there were lawful means You might want to make arguments other than inevitable discovery That's one that the District Court The Supreme Court may eventually ditch the exclusionary rule when there is probable cause But a backdoor means of doing it is not within our portfolio Well, I meant Would you explain the exigency here? The defendant was arrested The truck is parked on the driveway What prevented the police from calling a judge and asking for a telephonic warrant? Is there some evidence the wife would have made off with the suitcase? I simply do not see the exigency once the defendant and the truck were essentially secured Well, I think the objection As I understood it the objection was to the seizure of the truck and the bag that took place on the driveway And we're saying that that seizure search of the truck seizure of the bag arrest of the defendant took place under exigent circumstances namely that the officers could reasonably have thought that Mr. Velazquez was in the process of loading his truck with the 12 kilograms of cocaine and driving away That was reasonable because that would have been reasonable to think because Mr. Velazquez had just arranged with some undercover agents to conduct a 12 kilogram cocaine transaction at another location and said that he was going to go home or go someplace and get it and bring it back in a suitcase When the agents saw that happening they could reasonably have thought that he was in the process of driving away and that posed a risk that Mr. Velazquez would attempt to flee attempt to evade arrest Mr. Fullerton, I thought the the question assumed that the arrest was proper under the circumstances and rather once he's under control what was the exigency for moving forward without a warrant? Right Right, well if the arrest was proper then I think Let me step back It doesn't mean you have a perfectly good argument under Davis but it's hard for me to see exigent circumstances here Well, as I understand it the arrest and the seizure took place simultaneously essentially Without the seizure of the cocaine I'm not sure they would have arrested the defendant Now, they may have had probable cause or reason to think that he was involved Didn't they have evidence that he conspired to Yeah, they did They got it Right It's up to them to decide about the timing and I don't think anybody here is going to criticize the timing of the arrest to do it on private property without risking a chase a car chase on the streets Right That, you know I hadn't thought about that argument, Your Honor I apologize The exigency has to do with the evidence and the potential that it would leave the location, flee, and make it destroyed and so on The exigency would cease to exist when Mr. Velasquez was arrested but another exception may apply namely the search incident to arrest under Arizona v. Gant and that was an argument made by the government in the district court not ruled on by the district court but it would provide a basis for search of the car aside from the exigencies of the circumstances The final argument I'd like to or the next argument I'd like to talk about is the good faith argument and that under the good faith argument and as I understand it, my opponent has essentially conceded that under then existing Seventh Circuit law the agents could reasonably think that they could conduct a search of the automobile and seize those drugs under the automobile exception to the search warrant requirement That was the Hines applied the automobile exception to a vehicle parked in a driveway Here you had a vehicle parked in a driveway with probable cause to believe there were going to be drugs in it because they had seen it below the suitcase Under that rule of law and the court's other cases regarding driveways and police access to driveways, the agents were acting in good faith when they seized the truck and seized the cocaine Given that and given that the government couldn't anticipate that defense before Collins we think that this court should affirm the ruling of the district court If there are no other questions, we just ask for affirmation Thank you very much. The case was taken under advisory